# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **AIRE TECHNOLOGY LTD** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL NO. 6:21-CV-01101-ADA |
| § | | |
| **APPLE INC.** § | | |
| *Defendant.* § | | |

## DISCOVERY AND SCHEDULING ORDER

Before the Court is Apple Inc.'s ("Defendant") motion for leave to supplement its motion for transfer. ECF No. 36. After considering the motion and opposition, the Court hereby **GRANTS** Defendant's motion for leave to supplement.

A party may move to transfer a case for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. As part of this inquiry, Courts look to the locations of the parties, the witnesses, and the evidence, among other factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

The Court intends to make a fair, evidenced-based ruling on Defendant's pending motion to transfer based on an accurate identification of the witnesses, parties, and evidence relevant to this case. Supplementing the record furthers this goal. In fairness, if one party supplements its motion, the Court will give the other party the same opportunity. Thus, the Court permits both parties to provide supplemental evidence and arguments.

Full fact discovery will allow the parties to provide the Court with the best evidence for ruling on a motion to transfer. In this Court's experience, speculation and incompletely discovery often plagues early transfer motions. Before fact discovery, parties have not yet identified the relevant prior art to assert at trial, the relevant witnesses, the relevant third parties, or the relevant

evidence. Thus, in early motions to transfer, the *Volkswagen* factors drive parties to identify witnesses and evidence based on location rather than relevance. Too frequently, such transfer-driven speculation about the witnesses and evidence fails to align with reality. At trial, the parties end up calling different witnesses, asserting different prior art, and presenting different evidence from what they identify in their transfer briefs. Requiring venue discovery to precede fact discovery also frequently leads to unnecessary discovery disputes about whether certain discovery requests fall into one bucket or the other.

Thus, the Court finds it prudent to have the parties to re-brief the motion to transfer in accordance with the appended schedule after the parties conduct fact discovery and determine which witnesses and evidence they intend to call at trial. Defendant has assured this Court that it would not oppose a continuance, and that "a continuance would not affect the overall trajectory of this case" because fact discovery should commence regardless of whether a continuance is or is not granted. ECF No. 36 at 6.

**IT IS HEREBY ORDERED** that:

1) Defendant's motion is **GRANTED**. Defendant has leave to file the supplemental declarations attached as Exhibits 1-7 of ECF No. 36.

2) Full fact discovery is now open.

3) All other scheduled deadlines are vacated.

4) The parties shall meet and confer to file a joint motion to enter a scheduling order for replacement briefing based on the appended schedule within two weeks.

SIGNED this 22nd day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

## APPENDIX A – EXEMPLARY SCHEDULE

| Deadline | Item |
| --- | --- |
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later. | Deadline to file a motion for inter-district transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 7 days before CMC | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after CMC | Parties exchange claim terms for construction. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 11 weeks after CMC | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC | Defendant files Reply claim construction brief. |
| 19 weeks after CMC | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 21 weeks after CMC | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing) | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 23 weeks after CMC (or as soon as practicable)[3]<br><br>**---DELAYED---** | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.
[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

|  | **The Markman hearing is delayed until the Court resolves the transfer motion.** |
|---|---|
| 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **26 weeks after *Markman*** | **Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue to triable limits (10 hours of trial per side).** |
| **29 weeks after *Markman*** | **Deadline for the second of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue to triable limits. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues.** |
| 30 weeks after *Markman* hearing | Close of Fact Discovery.<br><br>**Parties shall exchange preliminary exhibit lists and witness lists.  The preliminary exhibit lists and witness lists may be freely amended in good faith so long as the amendments do not amount to transfer motion gamesmanship.** |
| **32 weeks after *Markman*** | **Deadline for Plaintiff's replacement transfer opposition brief (15 pages).** |
| **34 weeks after *Markman*** | **Deadline for Defendant's replacement transfer reply brief (15 pages).** |

| **36 weeks after *Markman*** | **Deadline for Defendant's replacement transfer sur-reply brief (10 pages).** |
|---|---|
| **40 weeks after *Markman* hearing** | **Markman hearing delayed to this date.** |
| **42** weeks after *Markman* hearing | Opening Expert Reports. |
| **45** weeks after *Markman* hearing | Rebuttal Expert Reports. |
| **48** weeks after *Markman* hearing | Close of Expert Discovery. |
| **50** weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. See General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| **52** weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| **54** weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **55** weeks after *Markman* hearing | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| **56** weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, **final** exhibits lists, **final** witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| **57** weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com  Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |

| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
|---|---|
| **59** weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| **60** weeks after *Markman* hearing (or as soon as practicable)[4] | Jury Selection/Trial. |

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.