# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AIRE TECHNOLOGY LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 6:21-cv-01101-ADA<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S MOTION TO MODIFY
### NOVEMBER 8, 2022 STAY ORDER

### INTRODUCTION

This Motion is filed primarily to inform the Court that *inter partes* reviews ("IPRs") have been instituted on all presently asserted claims of all three Asserted Patents[1], and secondarily to request leave to file the attached (at Exhibit 1) motion to stay the litigation in view of those instituted IPRs, so that the Court may manage its docket in view of all pertinent information.

### ARGUMENT

On November 8, 2022, this Court issued a Stay Order ("Transfer Stay") in this case. ECF No. 71. In pertinent part, that Order provides:

> The proceedings, including all deadlines, in the above captioned matter are **STAYED** as of the date of this Order, pending resolution of the Motion to Transfer at ECF No. 24.

On January 4, 2023, an event occurred of which this Court should be aware for purposes

---

[1] The Asserted Patents are United States Patent Nos. 8,581,706 ("the '706 Patent"), 8,205,249 ("the '249 Patent"), and 8,174,360 ("the '360 Patent").

of managing its own workload and in determining the future schedule of this cause. On that date, the Patent Trial and Appeal Board ("PTAB") instituted IPRs on all currently asserted claims of the Asserted Patents. *See* Ex. 1 at 3 & Exs. A, B, C thereto. These IPR institutions create an urgent need for a determination of whether the current stay should continue or if it should be replaced by a stay pending the instituted IPRs ("IPR Stay")

The proposed IPR Stay Motion is attached hereto as Exhibit 1 and incorporated herein by reference for all purposes. As the proposed IPR Stay Motion describes in detail, this cause is at an early stage. Neither a *Markman* hearing nor a trial date is set. A transfer decision, a claim construction hearing, most fact discovery, all expert discovery, motion practice, pretrial and trial, all are ahead of the parties. Institution on all asserted claims of all Asserted Patents, coupled with the broad Section 315(e) estoppel to which Apple will be subjected upon issuance of a Final Written Decision, means substantial simplification is virtually guaranteed. Undue prejudice to Plaintiff, as defined by the relevant caselaw, is minimal or nonexistent. Indeed, as explained in Apple's IPR Stay Motion, another of Plaintiff's actions it filed in a different court against a different party, asserting one of the Asserted Patents, the '706 patent, was stayed five months ago in view of the filing of Apple's IPR petition on the '706 patent, and Apple is not aware of any prejudice that has been caused to Plaintiff by that other stay. *See* Ex. 1 at 9. Under this Court's recent decisions granting motions for stays in view of IPRs, this case is an ideal candidate for an IPR Stay.

Granting a modification of the Transfer Stay for purposes of allowing Apple to file and pursue the proposed IPR Stay Motion would benefit the Court and the parties. It would allow the Court to manage its own docket based on full information. And the parties would benefit by having the Court's decision on whether to stay this case subject to the instituted IPRs.

## SPECIFIC RELIEF REQUESTED

1. That Aire be ordered to respond to this case management Motion to modify within seven days, as provided by the local rules;

2. That Apple be ordered to file its reply in seven days from the filing of Aire's response, as provided by the local rules;

3. That the Court set a hearing on this Motion as soon as the Court's docket allows;

4. That the Court grant the present Motion and order the Clerk to file the IPR Stay Motion; and

5. Then, and only then, does Aire's time to respond to the IPR Stay Motion on its merits begin to run.

Dated: January 19, 2023                                      Respectfully submitted,

                                                             By:  */s/ J. Stephen Ravel*
                                                                  J. Stephen Ravel
James R. Batchelder (*pro hac vice*)                              Texas State Bar No. 16584975
Andrew N. Thomases (admitted in W.D. Tex.)                        KELLY HART & HALLMAN LLP
Andrew T. Radsch (*pro hac vice*)                                 303 Colorado, Suite 2000
Daniel W. Richards (*pro hac vice*)                               Austin, Texas 78701
ROPES & GRAY LLP                                                  Tel: (512) 495-6429
1900 University Avenue, 6th Floor                                 Email: steve.ravel@kellyhart.com
East Palo Alto, CA 94303
Tel: (650) 617-4000                                               ***Attorneys for Defendant APPLE INC.***
Fax: (650) 617-4090
Email: James.batchelder@ropesgray.com
Email: Andrew.thomases@ropesgray.com
Email: Andrew.radsch@ropesgray.com
Email: Daniel.richards@ropesgray.com

Cassandra B. Roth (*pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000

-4-

Fax: (212) 596-9090
Email: Cassandra.roth@ropesgray.com

## CERTIFICATE OF CONFERENCE

Plaintiff opposes both this Motion to Modify and the Motion to Stay Pending *Inter Partes* Review. Accordingly, this motion is presented to the Court for determination.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on January 19, 2023.

*/s/ J. Stephen Ravel*
J. Stephen Ravel